UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE DORNELL GOOLSBY, Sr., | No. 2:15-cv-1919 CKD P (TEMP) |
| Plaintiff, | |
| v. | ORDER AND |
| JENKINS, | <u>FINDINGS & RECOMMENDATIONS</u> |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This matter proceeds on plaintiff's June 4, 2015, complaint, which was found to state an Eighth Amendment sexual harassment claim against defendant Jenkins. Now pending is defendant's motion to dismiss for failure to exhaust administrative remedies. Plaintiff opposes the motion.

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007). This requirement is mandatory regardless of the relief sought. See <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001) (overruling <u>Rumbles v. Hill</u>, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion

1

1   must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by
2   exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311
3   F.3d 1198, 1199 (9th Cir. 2002).

4       A prison inmate in California satisfies the administrative exhaustion requirement by
5   following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of
6   Regulations. In California, inmates "may appeal any policy, decision, action, condition, or
7   omission by the department or its staff that the inmate...can demonstrate as having a material
8   adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The
9   inmate must submit their appeal on the proper form, and is required to identify the staff
10  member(s) involved as well as describing their involvement in the issue. See Cal. Code Regs. tit.
11  15, § 3084.2(a). These regulations require the prisoner to proceed through three levels of appeal.
12  See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level,
13  which is also referred to as the director's level, is not appealable and concludes a prisoner's
14  departmental administrative remedy. See id.

15      "[I]nmates are not required to specially plead or demonstrate exhaustion in their
16  complaints." Jones, 549 U.S. at 216. The PLRA's exhaustion requirement is not jurisdictional; it
17  creates an affirmative defense that defendants must plead and prove. Id. However, "in those rare
18  cases where a failure to exhaust is clear from the face of the complaint," dismissal for failure to
19  state a claim is appropriate, even at the screening stage. Albino v. Baca, 747 F.3d 1162, 1169 (9th
20  Cir. 2014). See also Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that "[a]
21  prisoner's concession to nonexhaustion is a valid ground for dismissal"), overruled on other
22  grounds by Albino, 747 F.3d at 1166; Sorce v. Garikpaetiti, 2014 WL 2506213 (S.D. Cal. June 2,
23  2014) (relying on Albino and dismissing the complaint on screening because "it is clear from the
24  face of [plaintiff's] pleading that he has conceded that he failed to exhaust all available
25  administrative remedies ... before he commenced this action").

26      Defendant moves to dismiss this action because plaintiff's complaint demonstrates that he
27  has not yet exhausted his grievance concerning the issue underlying this action. Indeed, in the
28  "Exhaustion of Administrative Remedies" portion of the form complaint filed by plaintiff, he

states that his grievance is "Still Pending" at the third formal level of review. Compl. 2 (ECF No. 1). The attachments to plaintiff's opposition further demonstrate that plaintiff has not exhausted his administrative remedies: plaintiff submits two second level responses for separate grievances concerning defendant's conduct, one dated June 16, 2015, and one dated July 22, 2015, nearly two weeks and 1.5 months, respectively, after plaintiff initiated this action. See Pl.'s Opp'n Ex. II, ECF No. 36 at 35-39, 49.

Having essentially conceded that his grievance has not yet been exhausted, plaintiff asserts a number of arguments in opposition to defendant's motion. He argues first that dismissal is inappropriate because exhaustion is not a pleading requirement. While true, see Jones, 549 U.S. at 216, the fact remains that plaintiff did raise the issue in his complaint, and the Ninth Circuit has explicitly held that "[a] prisoner's concession to nonexhaustion is a valid ground for dismissal." Wyatt, 315 F.3d at 1120.

Plaintiff next argues that a prisoner does not need to exhaust his administrative remedies when he seeks money damages only. This argument has long been foreclosed by Booth, 532 U.S. at 741, which held that a prisoner must exhaust his administrative remedies so long as *some* remedy remains available. Since plaintiff does not allege that no other form of relief was available to him in the administrative process, this argument is rejected.

Lastly, plaintiff argues that a stay of this case is appropriate pending exhaustion. The exhaustion requirement, however, is mandatory, and this court cannot stay this action to provide plaintiff an opportunity for exhaustion after litigation has begun. McKinney, 311 F.3d at 1200.

Based on plaintiff's concession of nonexhaustion, which is clear and unequivocal on the face of the complaint, and in the absence of any applicable exception to the exhaustion requirement, the court finds plaintiff's case must be dismissed for failing to state a claim upon which any relief may be granted. Jones, 549 U.S. at 215; 28 U.S.C. § 1915A(b)(1). The "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing McKinney, 311 F.3d at 1199).

////

While the court typically grants leave to amend liberally in a pro se cases, his clearly conceded failure to exhaust is not a pleading defect that could be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's May 9, 2016, motion to dismiss (ECF No. 34) be granted; and
2. This action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 21, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/mb;gool1919.mtd

4